```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA

            CASE NO. 00-6083-CR-ROETTGER
```

UNITED STATES OF AMERICA   )
                           )
                           )
                           )         **NIGHT BOX**
                           )         **FILED**
v.                         )
                           )         APR 1 4 2000
                           )
MICHAEL SUTTON,            )         CLARENCE MADDOX
                           )         CLERK, USDC / SDFL / FTL
                           )
      Defendant.           )
_____)

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   An audio recording of statements made by the defendant can be obtained by making arrangements with undersigned counsel. These tapes can be reviewed at the discovery conference as set forth below.

          2.   That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the



        defendant to be a government agent is attached.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney. Please call the undersigned to set up a date and time that is convenient to both parties.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis report regarding the cocaine seized in connection with this case will be provided at the discovery conference.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). Two defendants prosecuted in the Middle District of Florida, have agreed to testify for the government against the Defendant. The nature and extent of their cooperation will be

2

|     |     |
| --- | --- |
|     | disclosed to the sentencing judge. Thomas Edwin Busby and Adrian Murray, who purchased ½ kilogram of cocaine from Defendant, will testify if this case proceeds to trial. |
| E.  | The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. The two defendants who are cooperating have been convicted of various drug offenses. Their full criminal histories will be provided at the Discovery Conference. |
| F.  | The defendant was identified in a photo spread. A copy of the photographs of photo spread will be available at the Discovery Conference. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I.  | The defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. The Brevard County Sheriff's Office was conducting a state authorized Title III surveillance on the telephone of Thomas Edwin Busby. As a result of this wiretap surveillance, conversations made to Defendant's residence were heard. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband |

|     |     |
| --- | --- |
| | which is the subject of this indictment to allow independent chemical analysis of such sample. |
| L. | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M. | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N. | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |

The government hereby requests that the defense stipulate to the following facts:

1. The quantity and quality of the cocaine sold by the defendant.

|     |     |
| --- | --- |
| P. | At the discovery conference scheduled above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

4

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

      Time:  4:30 p.m.
      Date:  June 9, 1999
      Place: 3909 SW 28th Street
             Hollywood, FL

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
LAURENCE M. BARDFELD
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard, #700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3510
Fax: (954) 356-7336

cc:  Special Agent John Corbin, FBI

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand-delivered this ___ day of April, 2000, to: Tim Day, Assistant Federal Public Defender, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

_____
Laurence M. Bardfeld
Assistant United States Attorney