UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6083-CR-ROETTGER

UNITED STATES OF AMERICA,   :

    Plaintiff,   :

vs.   :

MICHAEL SUTTON,   :

    Defendant.   :
_____/

**NIGHT BOX
FILED**

**AUG 2 5 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## AGREED OBJECTION TO
## PRESENTENCE INVESTIGATION REPORT

The defendant, through counsel, files this Objection to the Presentence Investigation Report

(PSI), which the government agrees with:

Page 8 paragraph 23 of the PSI concludes that the base offense level is a level 26 based on

an offense involving one kilogram of cocaine. This is erroneous as the offense involved 481.3 grams

of cocaine as the DEA lab report accurately reflects. Therefore, the correct base offense level is 24.

U.S.S.G. § 2D1.1. This was the amount reflected in the government's proffer at the hearing on the

change of plea on May 26, 2000. Furthermore, the plea agreement delineates the offense as being

punishable by a statutory maximum of twenty years. There was no stated mandatory minimum. The

statutory maximum and absence of a mandatory minimum was predicated on an amount less than

500 grams of cocaine.

Apparently the base offense level of 26 is arrived at in the PSI by combining the amount of

cocaine Michael Sutton delivered in the instant offense with another amount of cocaine involving

other individuals. The aggregating of these two amounts in the PSI is factually inaccurate and legally incorrect.

At page 7 paragraph 18 and 19, the PSI relates that Michael Sutton gave a statement to an FBI agent and Broward Sheriff Office Detective. In the statement, Mr. Sutton admits his involvement in the approximately one-half kilo sale of cocaine to Adrian Murray and Thomas Busby. Sutton stated he had received the cocaine from the supplier Leonard Jefferson. This is true and accurate. What is inaccurate is that Sutton and a fellow named "Baldy" obtained "cut" and doubled the quantity to one kilo. What actually happened is that Jefferson and "Baldy" originally had obtained one half kilo of cocaine. Thereafter, they added cut and doubled the amount which Sutton was aware of but did not participate in. Sutton negotiated a sale of one-half kilo with Murray and Bushy. Jefferson then gave approximately a half kilo to Sutton to deliver to Murray and Busby. The deal with Murray and Busby was always for one-half kilo.

The inaccuracy of the PSI (and the FBI 302 upon which the statement in the PSI is based) is demonstrated by paragraph 19 which states Sutton sold a half kilo to Murray and Busby and the remaining half to Jefferson. This is clearly wrong as it is Jefferson's cocaine. Sutton would not sell back to Jefferson cocaine that Jefferson owned. Sutton never possessed or intended to possess or participated in anything other than a one-half kilo transaction.

U.S.S.G. § 2D1.1 application note 12 states in pertinent part:

> In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense. For example, a defendant agrees to sell 500 grams of cocaine, the transaction is completed by the delivery of the controlled substance - actually 480 grams of cocaine, and no further delivery is scheduled.

2

> In this example. the amount delivered more accurately reflects the
> scale of the offense.

In the instant case there was a completed sale. That sale involved 481.3 grams of cocaine.

The amount delivered accurately reflects the scale of the offense. This result is unaffected by the fact

that the supplier originally took a half kilo of cocaine and added cut to create a kilo and later gave

481.3 grams to the defendant who delivered this previously agreed upon amount to the buyer.

The original terms of the sale was one-half kilo of cocaine. One-half kilo was contemplated

by the supplier, Mr. Sutton and the buyers. 481.3 grams were actually delivered. The amount of

481.3 grams is the amount that should be used to calculate the base offense level.

Furthermore, an analysis under U.S.S.G. § 1B1.3 does not change the result. Application

note 2 refers to jointly undertaken criminal activity and states in pertinent part:

> Because a count may be worded broadly and include the conduct of
> many participants over a period of time. the scope of the criminal
> activity jointly undertaken by the defendant (the "jointly undertaken
> criminal activity") is not necessarily the same as the scope of the
> entire conspiracy, and hence relevant conduct is not necessarily the
> same for every participant. In order to determine the defendant's
> accountability for the conduct of others under subsection (a)(1)(B),
> the court must first determine the scope of the criminal activity the
> particular defendant agreed to jointly undertake(i.e., the scope of the
> specific conduct and objectives embraced by the defendant's
> agreement). The conduct of others that was both in furtherance of,
> and reasonable foreseeable in connection with, the criminal activity
> jointly undertaken by the defendant is relevant conduct under this
> provision. The conduct of others that was not in furtherance of the
> criminal activity jointly undertaken by the defendant, or was not
> reasonable foreseeable in connection with that criminal activity, is not
> relevant conduct under this provision.
>
> In determining the scope of the criminal activity that the particular
> defendant agreed to jointly undertake (i.e., the scope of the specific
> conduct and objectives embraced by the defendant's agreement), the
> court may consider any explicit agreement or implicit agreement

3

fairly inferred from the conduct of the defendant and others.

Note that the criminal activity that the defendant agreed to jointly undertake, and the reasonable foreseeable conduct of others in furtherance of that criminal activity, are not necessarily identical.

U.S.S.G. § 1B1.3, application note 2 (emphasis added).

In the instant case, Sutton's agreement was to obtain one-half kilo of cocaine and to deliver it to Murray and Busby who had agreed to purchase one-half kilo of cocaine. This is the scope of the criminal activity Mr. Sutton agreed to jointly undertake. Accordingly, the amount of cocaine should be 481.3 grams. This corresponds to a base offense level 24.

Wherefore, the defendant requests that this court sustain the objection and calculate the base offense level as 24 with an adjusted level of 21.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 (954) 356-7556 (fax)

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 2 U day of August, 2000 to Laurence Bardfeld, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Kathryn Gomez, United States Probation Office, 299 E. Broward Blvd., Room 409, Fort Lauderdale, Florida 33301.

Timothy M. Day

S:\DAY\Sutton\Object 01.wpd

5